**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Alberto MILAN–CONTRERAS,**
**Defendant–Appellant.**

**No. 06–30079.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 22, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Pamala R. Holsinger, Portland, OR, for Plaintiff–Appellee.

Per C. Olson, Esq., Hoevet & Boise, Portland, OR, for Defendant–Appellant.

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Alberto Milan–Contreras appeals his federal convictions for possession with intent to deliver cocaine and possession of methamphetamine. We affirm.

■ Milan–Contreras first argues that Agent Poikey's testimony was unreliable. Trial judges have broad discretion to allow non-scientific expert testimony. *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 153, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). This court has routinely upheld "modus operandi" expert testimony if that testimony, as here, is intended generally to educate jurors on criminal conduct. *See, e.g., United States v. Valencia Amezcua,* 278 F.3d 901, 908–10 (9th Cir.2002). The district court did not abuse its discretion in adjudging Poikey's testimony reliable.

■ Second, Milan–Contreras argues that the stash house testimony was unduly prejudicial. There was ample evidence that Milan–Contreras was connected to a drug operation. Poikey's testimony would have helped jurors understand how the evidence fit together. His testimony was not unduly prejudicial.

■ Third, Milan–Contreras contends that Poikey's testimony on "drug presses" failed to assist the jury. At trial, Milan–Contreras failed to object to the admissibility of this testimony. This court therefore reviews for plain error. *United States v. Alatorre,* 222 F.3d 1098, 1100 (9th Cir.2000). Plain error is "(1) error, (2) that is plain, and (3) that affect[s] substantial rights," and is reversible only if "(4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton,* 535 U.S. 625, 631–32, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (internal quotations omitted). Letting Poikey testify about the presses could not have seriously affected Milan–Contreras's substantial rights or the fairness of the proceedings. If, as the judge observed, every juror knew why drug dealers use presses, then Poikey's testimony briefly restated the obvious. If some jurors actually did not know why drug dealers use presses, then Poikey's testimony assisted the trier of fact. Either way, there is no basis for reversal under the plain error standard.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Fourth, Milan–Contreras asserts the evidence was insufficient to support his convictions. We disagree. Criminal possession can be "constructive," not necessarily actual, and the government can build a sufficient case based entirely on circumstantial evidence of constructive possession. See *United States v. Bernard,* 48 F.3d 427, 430 (9th Cir.1995). Plenty of physical evidence connected Milan–Contreras with the Tile Flat house. Milan–Contreras had drug paraphernalia in his own apartment that was similar to the equipment found at the Tile Flat house. Also, Eileen Morrison testified that Milan–Contreras (1) dealt drugs, (2) helped set up the Tile Flat property as a drug stash house, and (3) cut and repackaged cocaine there. This evidence was sufficient.

Finally, Milan–Contreras argues that the trial judge gave erroneous jury instructions on the possession charge. Milan–Contreras failed to object to the jury instructions, so again this court reviews for plain error. *United States v. Matsumaru,* 244 F.3d 1092, 1102 (9th Cir.2001). We do not review individual jury instructions for error but rather look at the judge's entire charge to the jury to see "whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *United States v. Dixon,* 201 F.3d 1223, 1230 (9th Cir.2000). In the present case, the jury instructions as a whole were correct. The district judge may have misstated the law once, but he quickly corrected his mistake with a supplemental instruction. Any error here does not rise to the level of plain error.

**AFFIRMED.**